UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLERETHA CHANEY | Civil No. 1:21-CV-03781 |
| Plaintiff | |
| VS. | JUDGE DAVID C. JOSEPH |
| TOWN OF SIMMESPORT ET AL | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendant | |

**RULE 26(f) REPORT**[1]

Trial Date: Demand for Jury Trial has been made.

Pretrial Conference Date:

Type of Trial: ☒ JURY   ☐ BENCH

Estimated length of trial is 2- 3 court days.

1. **Participants:**

   The following persons participated in the requisite 26 Conference:

   Willie G. Johnson, counsel for Coleretha Chaney; and
   Jason T. Reed, counsel for Town of Simmesport and Glenn Hall.

2. **Affirmation Regarding Initial Disclosures:**

   The defendants have timely provided their initial disclosures.

   To date, the plaintiffs have not provided initial disclosures.

3. **Jurisdictional Basis:**

   Federal question jurisdiction, as this matter arises out of an alleged violation of federal law and/or it allegedly implicates civil rights protections and/or laws.

   The defendants do not dispute jurisdiction in this case.

4. **Brief Description of Claims:**

---

[1]   To date, the defendants have not been provided the plaintiff's inserts to the Rule 26(F) Report.

5. **Brief Statement of Responses:**

The defendants' actions were at all times reasonable. Neither the plaintiffs' constitutional nor state law rights were violated. Glenn Hall's actions were at all times reasonable and he is entitled to qualified immunity. The Simmesport Police Department is not a juridical entity and should be dismissed from suit.

The defendants specifically deny that a gun was drawn and submit the plaintiffs were not subjected to excessive force, false arrest, false imprisonment and/or malicious prosecution.

Neither the Town nor its officers maintained a policy or custom of constitutional violations. Moreover, it was the practice of the Town and supervisory officers of the police department to carefully, train, direct and supervise subordinate officers.

The plaintiffs are not entitled to punitive damages.

6. **Anticipated Amendments to Pleadings and Motions:**

   Defendant:   Defendants do not anticipate amending their pleadings but reserve the right to amend their pleadings consistent with the Court's Scheduling Order, specifically reserving the right to respond to any amened and/or supplemental pleadings filed by the plaintiff. Additionally, the defendants reserve the right to file dispositive and other pre-trial motions after the appropriate discovery has been completed and according to the Scheduling Order.

7. **Anticipated Expert Witnesses:**

   Defendant:   The defendants have not determined their expert witnesses in the case but will designate such experts, if any, in accordance with the requirements of the Court's Scheduling Order.

8. **Discovery Plan:**

It is defendants' position a standard discovery plan, as issued by the court, will be sufficient.

9. **Stipulations:**

None at this time.

10. **Major Issues of Fact and Law in Dispute:**

Discovery is in its infant stages and all elements of the cause of action made subject to this litigation are presumably in dispute, which include the following:

- Whether the police department is a juridical entity capable of being sued.
- Whether any claim has been stated upon which relief may be granted.

- Whether any constitutional violation occurred.
- Whether Mr. Hall is entitled to qualified immunity.
- Whether the defendants are entitled to discretionary immunity as found in LSA R.S. 9:2198.1.
- Whether the officers entered the residence.
- If it is established one or more officers entered the residence, whether such entry was supported by probable cause or exigent circumstances.
- Whether the officers employed any force whatsoever.
- If it is determined force was utilized, whether that force was excessive.
- Whether the officers' action(s) constituted assault and/or battery.
- Whether any action(s) by the officers rose to the level of deliberate indifference.
- Whether the Town demonstrated any pattern or practice of wrongdoing.
- Whether the actions at issue rose to the level of false arrest, false imprisonment, malicious prosecution or invasion of privacy.
- Whether the officers were properly trained and supervised.
- Comparative fault of the plaintiff(s).
- Fault of third parties for whom the defendants are not responsible.
- Any failure to mitigate damages.
- Whether the plaintiffs suffered any damages.
- Whether any party is entitled to the award of attorney's fees.
- Whether the plaintiffs are entitled to punitive damages.

**11. Related Case Information:**

The case was initially filed in the Middle District for the State of Louisiana (1:21-CV-03781) but has since been transferred to the Western District. Otherwise, not applicable.

**12. Alternative Dispute Resolution (ADR):**

The defendants are amenable to ADR, and they will discuss the possibility/practicality of mediation and/or a settlement conference following the completion of all written discovery and depositions.

**13. Rule 16 Conference:**

The defendants believe a Rule 16 Conference would be beneficial.

**14. Electronic Courtroom:**

The parties will produce, identify, and prepare trial exhibits in accordance with the Electronic Courtroom Guidelines as identified by the Western District of Louisiana.

**15. Electronically Generated Exhibits or Aids:**

The defendants do not believe this will be a document intensive case and the need for electronically generated exhibits or aids is not currently anticipated.

**16. Handicap Provisions:**

Not applicable.

| | |
|---|---|
| December 13, 2021 | /s/ Jason T. Reed |
| (Date) | (Signatures[2] of Trial Counsel) |

---

[2] Electronic signatures complying with LR 5.7.08 may be used.