UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

<u>COLERETHA CHANEY</u>                    Civil No. 1:21-CV-03781
    Plaintiff

VS.                                    JUDGE DAVID C. JOSEPH

<u>TOWN OF SIMMESPORT ET AL</u>           MAGISTRATE JUDGE <u>PEREZ-MONTES</u>

    Defendant

**RULE 26(f) REPORT[1]**

Trial Date: Demand for Jury Trial has been made.

Pretrial Conference Date:

Type of Trial: ☒ JURY      ☐ BENCH

Estimated length of trial is <u>2- 3</u> court days.

1. **Participants:**

   The following persons participated in the requisite 26 Conference:

   James L. Maughan on behalf of plaintiffs; and
   Jason T. Reed, counsel for Town of Simmesport and Glenn Hall.

2. **Affirmation Regarding Initial Disclosures:**

   The parties have made initial disclosures.

3. **Jurisdictional Basis:**

   Plaintiffs:       28 USCA 1441-Federal Question

   Defendants:    The defendants do not dispute jurisdiction in this case.

4. **Brief Description of Claims:**

   Plaintiff's Claims arise out of the incident that occurred on or about April 6, 2020, when the Simmesport Police Department, through its officers, including Chief Deputy (1st name unknown) Hall, while in the course and scope of his employment entered petitioner's residence, without lawful cause, or permission. Defendants were conducting a search for an unrelated individual that resided at the home with or as a prior occupants. Defendants' agents brandished their firearms were physically and verbally abusive to the minor children in the

---

[1] To date, the defendants have not been provided the plaintiff's inserts to the Rule 26(F) Report.

home. While present, agents conducted a warrantless search of the premises. Plaintiff's children were deprived of life liberty property under Article 4, and 14 of the United States Constitution while defendant was acting under the color state law in violation of 42 USCA 1983. Plaintiff also claims damages under Article 1 §§ 5, & 6 of the Louisiana Constitution and intentional tort claims for assault battery infliction of emotional distress.

5. **Brief Statement of Responses:**

The defendants' actions were at all times reasonable. Neither the plaintiffs' constitutional nor state law rights were violated. Glenn Hall's actions were at all times reasonable and he is entitled to qualified immunity. The Simmesport Police Department is not a juridical entity and should be dismissed from suit.

The defendants specifically deny that a gun was drawn and submit the plaintiffs were not subjected to excessive force, false arrest, false imprisonment and/or malicious prosecution.

Neither the Town nor its officers maintained a policy or custom of constitutional violations. Moreover, it was the practice of the Town and supervisory officers of the police department to carefully, train, direct and supervise subordinate officers.

The plaintiffs are not entitled to punitive damages.

6. **Anticipated Amendments to Pleadings and Motions:**

   Plaintiffs: Plaintiff anticipates amending the petition to add defendants in their individual capacity after their identities are determined.

   Defendants: Defendants do not anticipate amending their pleadings but reserve the right to amend their pleadings consistent with the Court's Scheduling Order, specifically reserving the right to respond to any amened and/or supplemental pleadings filed by the plaintiff. Additionally, the defendants reserve the right to file dispositive and other pre-trial motions after the appropriate discovery has been completed and according to the Scheduling Order.

7. **Anticipated Expert Witnesses:**

   Plaintiffs: Plaintiffs anticipate calling Tim Gravette, a law enforcement expert expects to conduct a site inspection, as well as pertinent interviews and/or review of discovery personnel files and other discoverable matter which will be used in preparation of an Expert Report on liability.

   Defendants: The defendants have not determined their expert witnesses in the case but will designate such experts, if any, in accordance with the requirements of the Court's Scheduling Order.

8. **Discovery Plan:**

It is defendants' position a standard discovery plan, as issued by the court, will be sufficient. Further, the parties suggest the following deadlines:

    a. Proposed Deadline for Initial Disclosures Rule 26 (A) by the plaintiff on:

    December 22, 2021[2]

    b. Recommended Deadlines to Join Other Parties or To Amend The Pleadings:

    March 30, 2022

    c. Filing All Discovery Motions and Completing All Discovery Except Experts:

    August 1, 2022

    d. Disclosure of Identities and Resumés Of Expert Witnesses (If Appropriate, You May Suggest Different Dates For Disclosure Of Experts In Different Subject Matters):

        1. Plaintiff(s): May 1, 2022

        2. Defendant(s): June 15, 2022

    e. Exchange of Expert Reports:

        1. Plaintiff(s): May 20, 2022

        2. Defendant(s): June 30, 2022

    h. Completion of discovery from experts: August 15, 2022

    i. Filing dispositive motions and Daubert motions: September 15, 2022

9. **Stipulations:**

Plaintiff is willing to work with defendant to reach and stipulate to mutually agreeable facts, and the authenticity of documents unless otherwise noted during proceedings.

10. **Major Issues of Fact and Law in Dispute:**

Discovery is in its infant stages and all elements of the cause of action made subject to this litigation are presumably in dispute, which include the following:

---

[2] The defendants have previously provided Initial Disclosures.

- Whether the police department is a juridical entity capable of being sued.
- Whether any claim has been stated upon which relief may be granted.
- Whether any constitutional violation occurred.
- Whether Mr. Hall is entitled to qualified immunity.
- Whether the defendants are entitled to discretionary immunity as found in LSA R.S. 9:2198.1.
- Whether the officers entered the residence.
- If it is established one or more officers entered the residence, whether such entry was supported by probable cause or exigent circumstances.
- Whether the officers employed any force whatsoever.
- If it is determined force was utilized, whether that force was excessive.
- Whether the officers' action(s) constituted assault and/or battery.
- Whether any action(s) by the officers rose to the level of deliberate indifference.
- Whether the Town demonstrated any pattern or practice of wrongdoing.
- Whether the actions at issue rose to the level of false arrest, false imprisonment, malicious prosecution or invasion of privacy.
- Whether the officers were properly trained and supervised.
- Comparative fault of the plaintiff(s).
- Fault of third parties for whom the defendants are not responsible.
- Any failure to mitigate damages.
- Whether the plaintiffs suffered any damages.
- Whether any party is entitled to the award of attorney's fees.
- Whether the plaintiffs are entitled to punitive damages.
- Whether the defendants are entitled to Qualified immunity, and vicarious liability.

**11. Related Case Information:**

The case was initially filed in the Middle District for the State of Louisiana (1:21-CV-03781) but has since been transferred to the Western District. Otherwise, not applicable.

**12. Alternative Dispute Resolution (ADR):**

The parties are amenable to ADR, and they will discuss the possibility/practicality of mediation and/or a settlement conference following the completion of all written discovery and depositions.

**13. Rule 16 Conference:**

The parties believe a Rule 16 Conference would be beneficial.

**14. Electronic Courtroom:**

The parties will produce, identify, and prepare trial exhibits in accordance with the Electronic Courtroom Guidelines as identified by the Western District of Louisiana.

**15. <u>Electronically Generated Exhibits or Aids</u>:**

The defendants do not believe this will be a document intensive case and the need for electronically generated exhibits or aids is not currently anticipated.

**16. <u>Handicap Provisions</u>:**

James Maughan, counsel for plaintiff has a physical disability that requires use of a wheelchair.

| December 13, 2021 | /s/ Willie G. Johnson, Jr |
|---|---|
| (Date) | (Signatures[3] of Trial Counsel) |

| December 13, 2021 | /s/ Jason T. Reed |
|---|---|
| (Date) | (Signatures[4] of Trial Counsel) |

---

[3] Electronic signatures complying with LR 5.7.08 may be used.
[4] Electronic signatures complying with LR 5.7.08 may be used.